## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **LATANYA EASTERWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:25-cv-02064** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE PAVILION FOUNDATION d/b/a THE** | ) | |
| **PAVILION BEHAVIORAL HEALTH** | ) | |
| **SYSTEM,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff, LaTanya Easterwood ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The Pavilion Foundation d/b/a The Pavilion Behavioral Health System ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2.     This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action

is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.* and 29 U.S.C. § 2601 *et seq.*

4.      Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq* have occurred or been complied with.

6.      A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, LaTanya Easterwood, resides in Champaign County in the State of Illinois.

9.      At all times material to the allegations in this Complaint, Defendant, The Pavilion Foundation d/b/a The Pavilion Behavioral Health System is a corporation doing business in and for Champaign County whose address is 809 West Church Street Champaign, IL 61820.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

11.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and 29 U.S.C.§ 2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12.    Plaintiff was hired by Defendant as director of assessment department on or around March 17, 2019.

13.    Plaintiff's essential job duties included but were not limited

- Leading a team conducting thorough initial assessments for patients with diverse mental health needs, including psychiatric evaluations, substance abuse assessments, and psychosocial histories.

- Ensuring assessments are conducted in accordance with ethical guidelines, DSM-V criteria, and facility policies.

- Supervising and mentoring assessment clinicians, providing feedback on assessment quality and techniques.

- Collaborating with clinicians to develop individualized treatment plans based on comprehensive assessment findings.

- Overseeing the intake process for new patients, including verifying insurance benefits and managing bed availability.

- Reviewing referral information to determine appropriate level of care and program placement.

- Collaborating with the admissions team to ensure a smooth and efficient intake process.

- Monitoring assessment practices for consistency and compliance with regulatory standards.

- Regularly reviewing clinical documentation to ensure accuracy and thoroughness.

- Identifying areas for improvement and implementing quality initiatives related to assessment practices.

14. Plaintiff was qualified for their position and was known to develop, meet and exceed performance standards for Plaintiff's job title.

15.    Plaintiff received satisfactory feedback from Defendants about her work performance.

16.    In or about December 2024, Plaintiff was succumbed to a severe condition.

17.    Plaintiff suffers from alcohol use disorder.

18.    Plaintiff is "qualified individual" as defined under the ADA.

19.    On or about December 6, 2024, Plaintiff went out on FMLA leave due to alcohol use disorder and entered a 34-day rehabilitation program.

20.    During this time, Plaintiff corresponded with HR and Sedgwick, who placed Plaintiff under Short-Term Disability (STD) and FMLA leave.

21.    On or about January 7, 2025, Plaintiff received an email from HR informing Plaintiff that her job was protected under FMLA.

22.    On or about January 12, 2025, Plaintiff was scheduled to return to work on January 13, 2025.

23.    However, Plaintiff's doctor extended her leave until January 20, 2025.

24.    Plaintiff emailed HR to inquire about the next steps, expressing her concern about

potentially being terminated and requested confirmation.

25.    On or about January 13, 2025, Plaintiff was terminated during a meeting with Management and HR.

26.    Plaintiff fought for her job, stating, "I am currently on FMLA leave; you cannot fire me. I am protected."

27.    HR responded that Plaintiff was only covered while actively out on FMLA and was supposed to return on January 13, 2025.

28.    Plaintiff explained that her doctor had filed an extension and that she had sent them an email regarding this.

29.    Defendant took no steps to engage in an interactive process to explore reasonable accommodations despite Plaintiff's repeated requests and medical documentation.

30.    Ultimately, on or about January 13, 2025, Defendant unlawfully terminated Plaintiff on the basis of Plaintiff's disability and engaging in protected activity as described above and/or in retaliation for taking FMLA leave.

31.    The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

32.    Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after she requested to file for FMLA medical leave on December 6, 2024.

### COUNT I
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

33.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34.    By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

35.    Plaintiff met or exceeded performance expectations.

36.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

37.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

38.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

39.    Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

40.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

41.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT II**</u>
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

42.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

43.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

44.    Plaintiff is a qualified individual with a disability.

45.    Defendant was aware of the disability and the need for accommodations.

46.    Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

47.    Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

48.    Defendant did not accommodate Plaintiff's disability.

49.    Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

50.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51.    As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>COUNT III</u>
**Violation of Americans with Disabilities Act**
**(Retaliation)**

52.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

53.    Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

54.    During Plaintiff's employment with Defendant, Plaintiff requested and utilized approved accommodations.

55.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough

and objective investigation of Plaintiff's complaint of disability based harassment or discrimination.

57.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

58.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and utilizing approved accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

59.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

60.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT IV
### Violation of the Family and Medical Leave Act
### (FMLA Interference - Unlawful Denial of FMLA Rights)

62.     Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

63.     In March 2020 Plaintiff was eligible for FMLA leave.

64.     At all times material, Plaintiff gave proper notice to her employer by informing them of the serious medical condition, which required Plaintiff to undergo an inpatient rehabilitation program.

65.     Defendant controlled Plaintiff's work schedule and conditions of employment.

66.     Plaintiff provided enough information for their employer to know that Plaintiff's

potential leave may be covered by the FMLA.

67.    Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

68.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

69.    As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

70.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

71.    Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

72.    Defendant terminated Plaintiff because she requested FMLA leave as described above.

73.    Specifically, Plaintiff requested FMLA leave following the need to enter an inpatient rehabilitation program.

74.    Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

75.    Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

76.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits

and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.  Back pay with interest;

b.  Payment of interest on all back pay recoverable;

c.  Front pay;

d.  Loss of benefits;

e.  Compensatory and punitive damages;

f.  Reasonable attorneys' fees and costs;

g.  Award pre-judgment interest if applicable; and

h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 7th day of March 2025.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

10